IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-00150-H

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | **ORDER** |
| SMITH BROS. TRUCK GARAGE, INC. ) *d/b/a Smith International Truck Center*, ) ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's motion to quash Defendant's subpoenas to non-parties Southeastern Regional Medical Center and Family Alternatives, Inc. (collectively the "Medical Providers") and for protective order [DE-19]. Defendant filed no response and the time for responding has passed. Accordingly, this matter is now ripe for decision.

## STATEMENT OF FACTS

Plaintiff moves the Court to quash subpoenas issued to the Medical Providers to appear for depositions and to produce medical records from January 1, 2003 to present for Stephen Kerns, who is the individual for whom the EEOC seeks relief this case. In lieu of appearing, the Medical Providers could submit the documents requested under seal to the Clerk of Court. Neither the Medical Providers nor Kerns are parties to this case. The EEOC has alleged that Defendant violated the Americans with Disabilities Act ("ADA") when it terminated Kerns on January 11, 2006. The EEOC has sought compensation for, among other things, non-pecuniary losses on behalf of Kerns for emotional distress, inconvenience, loss of enjoyment of life, humiliation, and loss of self-esteem.

1

Defendant has served interrogatories and document requests on Plaintiff seeking information related to Kerns's medical history. Those discovery requests are the subject of a separate motion to compel filed by Defendant. Defendant then issued the subpoenas now in dispute seeking Kerns's medical records from the Medical Providers.

## DISCUSSION

As an initial matter, the Court notes that it need not consider whether Plaintiff has standing to bring a motion to quash a subpoena to a non-party, because it finds that Plaintiff is not entitled to relief on the merits. The Court will address each of Plaintiff's arguments in turn.

### A. Documents Pertaining to Medical Treatment Are Relevant

Plaintiff contends that the documents sought by the subpoenas were irrelevant "insofar as they (1) pertain to medical treatment for conditions other than emotional or psychological conditions and (2) pertain to medical treatment for emotional or psychological conditions that pre-date Defendant's discharge of Stephen Kerns in January 2006[.]" Pl.'s Memo. at 5. Plaintiff also contends that because the documents are irrelevant the Court should issue a protective order barring their disclosure to protect Kerns from embarrassment, oppression, and undue burden. *Id.* at 9-10. The Court disagrees that the documents sought are irrelevant and finds that there may be relevant medical records that pertain to medical treatment for conditions other than emotional or psychological conditions and/or that pre-date Defendant's discharge of Kerns.

Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

2

evidence.

Fed. R. Civ. P 26(b)(1). "The rules of discovery are to be accorded broad and liberal construction." *Equal Employment Opportunity Comm'n v. Sheffield Financial*, LLC, No. 1:06-CV-00889, 2007 WL 1726560, *3 (M.D.N.C. June 13, 2007).

The case of *EEOC v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 123 (W.D.N.Y. 2009), cited by Plaintiff, is instructive. In *Nichols Gas*, the EEOC brought a claim against an employer under Title VII alleging hostile work environment and constructive discharge. The EEOC sought damages for non-pecuniary losses, including pain, suffering, and humiliation. *Id.* at 116. Defendant sought, essentially, the same type of medical records requested in this case, as well as execution of a medical records release by each claimant. *Id.* The court recognized the claimants' genuine privacy interests, but ultimately allowed disclosure of the medical records, for a limited time period, reasoning as follows:

> In fairness, defendants should be entitled to examine any medical records of the Charging Party, Claimant # 2 and the other five claimants whose summaries have been submitted that (1) reflect consultation with or treatment by a medical provider for complaints of emotional distress regardless of the cause; (2) reflect medical conditions the symptoms of or treatment for which could have resulted in the same type of physical symptoms that claimants have described. Because of the broad range and generalized nature of the symptoms, and the difficulty of determining (at least by a layperson) the range of possible symptoms of various medical conditions and the possible side effects of medication, fairness requires that the medical records of those seven claimants be disclosed for a relevant period of time. Balancing the competing interests in this case, I find that the relevant time period for each claimant extends from one year prior to through one year subsequent to her employment with Nichols.

*Id.* at 123. The court gave weight to the challenges in determining what conditions, medications, or symptoms may ultimately be relevant to complaints of emotional distress damages and, consequently, concluded that all medical records must be disclosed, but for a period of time less than the defendant had requested.

3

In this case, the Court concludes that Defendant is entitled to explore Kerns's claimed emotional distress damages, including other potential causes that may be found in his medical records. *See Sheffield Financial*, LLC, 2007 WL 1726560, at *4 ("If [the EEOC] seeks damages on the basis of emotional distress, humiliation, anxiety, and other psychological factors, Defendant must be able to determine how much of [complainant's] emotional distress, etc. was caused by his termination. Allowing Defendant to review [complainant's] medical records will shed light on any other contributing factors or events prior to [complainant's] termination that might have caused him emotional distress or anxiety.").

The Court does, however, find it appropriate to limit the time frame to a relevant period of two years prior to the incident at issue, which occurred in January 2006, through the date of production. Accordingly, the Court will grant in part Plaintiff's motion for a protective order to limit the documents produced by the Medical Providers to the relevant period of January 2004 through the date of production in order to protect Kerns's privacy interest in his medical history.

### B. Right to Privacy is Outweighed by Defendant's Need

Plaintiff contends that Kerns has, pursuant to HIPAA, a privacy right in his medical records that outweighs Defendant's need for those records. The Court rejects this argument for the reasons stated above. By seeking damages for Kerns's emotional distress, Plaintiff has made Kerns's medical history relevant and discoverable. The Court has restricted the time period for which the medical records are discoverable to protect Kerns's privacy interest. To further protect Kerns's privacy interest in his medical records, the parties are directed to confer and submit for the Court's approval within 14 days a proposed protective order that complies with the Federal Rules and Local Rules and Policies and Procedures of this Court. The Medical Providers shall not produce the subpoenaed documents prior to entry of a protective order by Court.

4

Case 7:09-cv-00150-H   Document 37   Filed 01/11/11   Page 4 of 6

### C. Discovery Sought is Neither Cumulative or Duplicative

Plaintiff contends that the subpoenaed documents are unreasonably cumulative or duplicative because Defendant already sought these documents from Plaintiff and it has agreed, subject to a protective order, to produce a portion of the medical records sought. Pl.'s Memo. at 8. The Court disagrees.

Rule 26(b) requires a court to limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Defendant has essentially asked for all documents related to Kerns's healthcare since January 1, 2003. Plaintiff has agreed to produce records it believes are related to treatment Kerns received as a result of his discharge by Defendant. Plaintiff has not agreed to produce the identical documents Defendant seeks from the Medical Providers, and Plaintiff has not asserted that it possesses all of Kerns's records that the Medical Providers would produce. *See Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 697 (D. Nev. 1994) ("[A]lthough they are duplicative in part, the discovery requests have been directed toward two separate business entities (i.e. Western General and Diamond State) and the documents actually maintained in the files of each entity may not be identical."). Finally, Plaintiff has not shown that this request causes it or Kerns any inconvenience, burden, or expense. The subpoenas at issue are directed to non-parties, who have not objected.

### CONCLUSION

Plaintiff's motion for protective order [DE-19] is **GRANTED IN PART AND DENIED IN PART** in conformity with the above. The motion to quash is **DENIED**. In order to protect the privileged and confidential nature of the documents at issue, the parties are directed to confer and submit for the Court's approval within **14 days** a proposed protective order that complies with the

Federal Rules and Local Rules and Policies and Procedures of this Court. Upon entry of a protective order by the Court, the Medical Providers shall produce the subpoenaed documents for the period of January 1, 2004 through the date of production.

This the 11th day of January, 2010.

DAVID W. DANIEL
United States Magistrate Judge